UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHELLY POPE,

                                     CASE NO. 2:18-cv-11250
          Plaintiff,        HON. GERSHWIN A. DRAIN

v.


ANDREW SAUL, COMMISSIONER
OF SOCIAL SECURITY,

          Defendant.

_____/

**ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [#15], OVERRULING OBJECTION [#16], DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#13], GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [#11] AND REMANDING ACTION**

**I. INTRODUCTION**

Presently before the Court is Magistrate Judge Anthony P. Patti's Report and Recommendation, dated August 6, 2019. In his Report and Recommendation, Magistrate Judge Patti recommends that Plaintiff's Motion for Summary Judgment be granted, the Commissioner's Motion for Summary Judgment be denied and the Court remand this action for further proceedings.

On August 20, 2019, the Commissioner filed an objection to the Magistrate Judge's Report and Recommendation. Plaintiff has failed to file a Response to the

1

Commissioner's Objection and the time for doing so has expired. *See* Fed. R. Civ. P. 72(b)(2). For the reasons set forth below, the Court ACCEPTS and ADOPTS Magistrate Judge Patti's Report and Recommendation, OVERRULES the Commissioner's Objection, DENIES the Commissioner's Motion for Summary Judgment, GRANTS the Plaintiff's Motion for Summary Judgment and REMANDS this matter for further proceedings consistent with this Order.

## II. ANALYSIS

### A. Standards of Review

Title 28 U.S.C. § 636 sets forth the standard of review used by the Court when examining a report and recommendation. The Court, "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court has the power to, "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

### B. Objection

In his sole objection, the Commissioner explains that while he does not disagree with Magistrate Judge Patti's ultimate recommendation for remand of this matter, he objects to the Magistrate Judge's conclusion that the ALJ erred in failing to consider the state agency medical consultant, Glen Douglass, M.D.'s, sedentary exertional limitation. The Commissioner argues that Magistrate Judge Patti

incorrectly attributed the sedentary work assessment to Dr. Douglass because Dr. Douglass and Ms. Legaski both signed the Disability Determination Explanation Form below the section entitled "Application of Medical-Vocational Rules: Other Work." The Commissioner argues that the Programs Operations Manual (POMS) requires that the disability examiner be responsible for evaluating the vocational aspects of the case. *See* POMS, § DI 24501.001(B)(1)(c) (describing the Disability Examiner's role to include the "evaluat[ion] [of] vocational aspects of the case."). Thus, the Commissioner maintains that Ms. Legacki was solely responsible for completing that portion of the form. Because Legacki is not a physician, the ALJ did not err in failing to consider the sedentary exertional limitation.

However, the POMS also indicates that medical consultants are to "[a]ssess and determine RFC in adult disability determinations." *See* POMS, § DI 24501.001(B)(3)(d). As such, Ms. Legacki was not solely responsible for evaluating the vocational aspects of Plaintiff's case. Additionally, it is not clear from a review of the form that Legacki made the sedentary exertional limitation determination as opposed to Dr. Douglass because both signed this section of the form. Thus, the Court cannot conclude that Magistrate Judge Patti erred in faulting the ALJ for ignoring the sedentary limitation when the ALJ assigned "greater weight" to Dr. Douglass's opinion.

The cases relied upon by the Commissioner are distinguishable from the facts before this Court because in those cases it was evident that the decision maker was not a physician. *See Maynard v. Astrue*, No. 11-12221, 2012 U.S. Dist. LEXIS 160848 (E.D. Mich. Nov. 9, 2012) (RFC assessment made by a disability examiner, thus it was error for the ALJ to rely on the opinion of a non-physician); *White v. Comm'r of Soc.Sec.*, No. 12-12833, 2013 U.S. Dist. LEXIS 114584 (E.D. Mich. Aug. 14, 2013) (rejecting argument that the ALJ improperly relied upon SDM's opinion because "the ALJ's opinion otherwise evidences that he understood [the SDM]'s status[]" as a non-physician).

### III. CONCLUSION

Accordingly, the Court hereby ACCEPTS and ADOPTS Magistrate Judge Patti's August 6, 2019 Report and Recommendation [#15], GRANTS Plaintiff's Motion for Summary Judgment [#11], and DENIES Defendant's Motion for Summary Judgment [#13]. The Commissioner's Objection is [#16] is OVERRULED.

This matter is remanded for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. 405(g).

SO ORDERED.

Dated: September 11, 2019     /s/Gershwin A. Drain
                              GERSHWIN A. DRAIN
                              United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 11, 2019, by electronic and/or ordinary mail.
<u>/s/ Teresa McGovern</u>
Deputy Clerk